UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 10-221(DSD)

United States of America,

        Plaintiff,

v.                                        **ORDER**

Corey N. Johnston,

        Defendant.


    This matter is before the court upon the pro se motion for relief under the Second Chance Act by defendant Corey N. Johnston. Based on a review of the file, record and proceedings herein, and for the following reasons, the motion is denied.

    The Second Chance Act provides that the Bureau of Prisons (BOP):

> shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). The Act further provides that any such placement in a community correctional facility should be "conducted in a manner consistent with [18 U.S.C.] § 3621(b)." Id. § 3624(c)(6)(A). Section 3621(b) lists several factors that the BOP should consider in designating a prisoner to a place of

imprisonment, including "any statement by the court that imposed the sentence ... recommending a type of penal or correctional facility as appropriate."  18 U.S.C. § 3621(b)(4)(B).

In his motion, Johnston requests that the court issue a statement to the BOP recommending that he be designated to a residential reentry center (RRC) for the final 12 months of his sentence.  The BOP, however, considers only those statements made by the sentencing court "at the time of sentencing."  United States v. Leland, No. 1:03-cr-00033, 2012 WL 1207160, at *1 (D. Me. Apr. 11, 2012) (citations and internal quotation marks omitted).  After sentencing, section "3621(b) provides the BOP with broad discretion to choose the location of an inmate's imprisonment," including placement in an RRC, and the court will not insert itself into the BOP decisionmaking process.  Fults v. Sanders, 442 F.3d 1088, 1091 (8th Cir. 2006); see Elwood v. Jeter, 386 F.3d 842, 847 (8th Cir. 2004).  As a result, although Johnston's progress during his time of incarceration is commendable, the court is unable to grant his request.  Accordingly, **IT IS HEREBY ORDERED** that the motion for relief under the Second Chance Act [ECF No. 88] is denied.

Dated:  August 18, 2014

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court